# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KAMEL M. KHATIB,

      Petitioner,

      v.                                    Case No. 15-C-708

UNITED STATES OF AMERICA,

      Respondent.

**DECISION AND ORDER DENYING MOTION FOR POST-CONVICTION RELIEF**

      Kamel M. Khatib was convicted after a court trial of one count of willfully receiving firearms while under information for a felony in violation of 18 U.S.C. § 922(n), and he was sentenced by this court to forty-six months of imprisonment and three years of supervised release. On direct appeal, Khatib claimed his rights under the Speedy Trial Act were violated because he was not brought to trial within 70 non-excludable days of his indictment. 18 U.S.C. § 3161(c)(1). The Seventh Circuit affirmed the conviction and sentence, holding that Khatib waived any Speedy Trial Act claim he had because he failed to raise the issue in a proper pretrial motion through counsel.

      Khatib now moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 on the ground that he was denied his Sixth Amendment right to effective assistance of counsel. His only claim is that his trial counsel provided ineffective assistance by failing to file a motion to dismiss the indictment under the Speedy Trial Act. As explained below, I conclude that no Speedy Trial Act violation occurred, and therefore that Khatib's motion based on ineffective assistance must be denied.

## BACKGROUND

On August 29, 2012, Kamel M. Khatib made an initial appearance in this court on a criminal complaint charging him with willfully receiving firearms while under information for a felony. On September 11, 2012, a grand jury sitting in this district returned a single-count indictment charging him with willfully receiving four AK-74 firearms while under information for a felony in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). At his arraignment the next day, Khatib entered a plea of not guilty and a jury trial was set for November 19, 2012, which was one day before his trial was required to take place under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* The Speedy Trial Act mandates that subject to certain exclusions for pretrial delay resulting from "other proceedings" such as pretrial motions and proceedings to determine the competency of the defendant, § 3161(h), the defendant must be brought to trial within 70 days of his initial appearance or indictment, whichever comes later. § 3161(c)(1).

At the arraignment on September 12, 2012, Khatib appeared by retained counsel John Carroll. Attorney Carroll filed a number of motions on Khatib's behalf, including a motion for bond on September 12, which requested that the magistrate judge reconsider an order of detention pending trial entered after Khatib's initial appearance, a motion for review by this court of the magistrate's decision on September 24, a motion for an extension of time to file pretrial motions on September 28, and a motion to adjourn the final pretrial conference and jury trial and extend the time for filing pretrial motions on October 8. The latter two motions were based on Attorney Carroll's need for time to review discovery, including audio and video recordings approximately 5 hours in duration, as well as his need to research and prepare substantive pretrial motions, likely including a constitutional challenge to the indictment.

2

As explained in more detail below, these extensions were granted—the jury trial was rescheduled to January 7, 2013 with pretrial motions due November 13, 2012. At the end of the telephone scheduling conference in which the court orally granted the motion to adjourn, the court noted that the continuance was based on the discovery issues raised by Attorney Carroll and the anticipated pretrial motion which the court characterized as a "weighty motion on constitutional matters," and the court stated that the continuation was necessary to ensure Khatib received effective assistance of counsel. 10/12/2012 Tr. at 5:2–17, No. 12-CR-190 (E.D. Wis.), ECF No. 232.

On November 13, Attorney Carroll filed a motion in limine on Khatib's behalf as well as the contemplated constitutional challenge, a motion to dismiss the indictment on the ground that its application of § 922(n) to Khatib violated his right to bear arms under the Second Amendment because he had not been convicted of a felony (he was only under information), and therefore the prohibition of his right to possess a firearm, recognized in *McDonald v. City of Chicago*, 561 U.S. 742 (2010), was invalid. On December 6, 2012, Magistrate Judge Aaron E. Goodstein issued a Report and Recommendation (R&R) on the motion to dismiss in which he concluded that the government had a sufficient interest in prohibiting Khatib from bearing arms, given the fact that he had been indicted, that he was alleged to have bought the weapons at issue for the purpose of murdering a witness against him in the underlying case, and because the firearms Khatib obtained were assault rifles. Khatib filed objections to the R&R on December 20, 2012, but this court issued an order rejecting the objections and adopting Magistrate Judge Goodstein's R&R, thus denying Khatib's motion to dismiss, on December 26, 2012. Order Denying Motion to Dismiss, No. 12-CR-190 (E.D. Wis.), ECF No. 32. At a final pretrial conference the next day, counsel for the parties indicted they were prepared to proceed to trial on January 7. Mr. Khatib indicated he had other motions he wanted to make and needed more time before trial. The court advised him that if his

3

attorney had failed to file motions that should have been filed, Khatib had a claim of ineffective assistance of counsel. 12/27/2012 Recording 10:40:10. The court noted that the case would not be delayed to address motions that no attorney licensed to practice law would think have merit.

On January 3, 2013, Attorney Carroll filed a motion to withdraw as counsel. Carroll cited a communication breakdown with Khatib, Khatib's refusal to entertain Carroll's suggestions regarding trial strategies, and Khatib's refusal to otherwise participate in rational discussion about trial or plea negotiations. After a telephone hearing on the motion to withdraw, the court granted the motion and removed the trial from the court's calendar, to be rescheduled after new counsel was appointed.

Attorney Kirk Obear was appointed to represent Khatib on January 26, 2013, but there was a delay in Obear's obtaining the case file from Carroll. The court entered an Order to Show Cause on February 4, 2013 directing Carroll to show cause by February 8 why the court should not enter an order requiring him to turnover the litigation file to Obear. The written order contained the following exclusion of time under the Speedy Trial Act:

> The case has already been delayed as a result of the need to substitute counsel and the difficulty in locating alternative counsel to represent Mr. Khatib. The Court finds the additional time or delay resulting from the need to substitute counsel is excludable under the Speedy Trial Act because the interests of justice of the defendant in receiving a fair trial with counsel that is prepared outweighs the interests of the defendant and the public in a speedier trial. This Order is intended to minimize the delay that would otherwise occur.

Order to Show Cause 1–2, No. 12-CR-190, ECF No. 43. Also on February 4th, the jury trial was re-scheduled for April 16, 2013.

Attorney Carroll filed a response on February 7 in which he stated he had provided the file to Obear since receiving notice of the Order to Show Cause. Although Khatib filed a number of pro se motions in the ensuing weeks (which were improper, as explained below, since Khatib was

4

represented by counsel when he filed them), there was otherwise no activity in the case until March 22, 2013, when the United States filed a sealed motion for a determination of Khatib's competency pursuant to 18 U.S.C. § 4241(a). The motion was based on the fact that Khatib had a history of mental illness, including taking psychotropic medications prior to being detained in the case, and the government's view that some of Khatib's pro se filings indicated he was suffering from some sort of delusional disorder. After a hearing on April 2, 2013, in which Attorney Obear joined the government's request for a competency determination, the court ordered a competency examination be performed by a licenced psychologist. The examination was completed and a report filed with the court on May 3, 2013, and in a competency hearing conducted May 8, 2013, the court concluded that a preponderance of the evidence supported the finding that Khatib was suffering from a mental disease or defect rendering him mentally incompetent and unable to assist properly in his defense. The court ordered Khatib committed to the custody of the Attorney General for treatment pursuant to 18 U.S.C. § 4241(d).

Approximately a month later, the court ordered that the government provide a report on the status of its efforts to comply with the commitment order. The government filed a status report on June 14, 2013, indicating that Khatib had been transferred from the Brown County jail to the Dodge County jail and had been designated by the Bureau of Prisons to be transferred to the Federal Medical Facility at Butner, North Carolina where a bed would be available beginning the week of July 14, 2013. No. 12-CR-190, ECF No. 82. After Khatib filed a letter on August 5, 2013 complaining of a lack of treatment and violations of his constitutional rights, the court ordered the government provide a status report as to Khatib's condition and treatment, and respond to his allegations of mistreatment. The government did so on August 16, 2013, reiterating that Khatib's

5

transfer to FMC Butner was delayed due to the unavailability of a bed there until July 14, but stating that as of the government's inquiry to medical personnel at FMC Butner on August 6, Dr. Byron Herbel of FMC Butner was in the process of assessing and treating Khatib. No. 12-CR-190, ECF No. 88.

In a status conference in November 2013 Attorney Obear indicated based on conversations with Khatib's treatment providers that they would likely conclude Khatib was competent to proceed to trial. FMC Butner medical personnel filed a psychiatric report on December 4, 2013, in which they concluded Khatib was indeed competent to proceed, and they certified that Khatib was ready for discharge pursuant to 18 U.S.C. § 4241(e). In a competency hearing and scheduling conference on December 20, 2013, based on the report and the parties' agreement that Khatib was competent to proceed, the court concluded that Khatib's competency had been restored. The trial was rescheduled for January 27, 2014. At the end of the hearing, the court excluded the period from December 20, 2013 to January 27, 2014 under the Speedy Trial Act. The court's electronically-maintained recording for that hearing reflects that the continuance to January 27 was justified by the need to ensure that Attorney Obear was prepared for trial. 12/20/2013 Recording 2:52:20–2:53:05. Earlier discussion at the hearing indicate the January 27 date was also based on the trial calendar of Attorney Obear, and the court noted at the end of the hearing that any substitution of counsel at this point based on Obear's calendar would only delay the case further, given that new counsel would need more time to prepare.[1]

---

[1] The court also noted early in the December 20, 2013 hearing that the Clerk of the Court had calculated a Speedy Trial Act date of January 15, 2014, but the court expressed doubt later in the hearing that that calculation was accurate.

6

Khatib waived his right to a jury trial in a final pretrial conference held January 24, 2014 and a trial to the court was held on January 27, 2014. After post-trial briefs were submitted, the court issued a written decision finding Khatib guilty of willfully receiving a firearm while under indictment for a felony. The decision was based on evidence presented at trial that established that Khatib agreed to purchase and then received four AK-74 semi-automatic assault rifles on August 28, 2012 from an undercover agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives while Khatib was under two informations charging him with six felonies. The sole dispute at trial was whether Khatib received the firearms willfully. The court found that he had based on bail forms signed by Khatib in the pending state proceedings and, more importantly, based on Khatib's recorded conversations with an undercover agent, which amply proved that Khatib knew what he was doing was illegal. The court entered findings of fact and conclusions of law to that effect on February 18, 2014. Khatib was sentenced to forty-six months of imprisonment and three years of supervised release on May 29, 2014.

Khatib appealed, asserting his rights had been violated under the Speedy Trial Act. Khatib's appellate attorney argued that 224 non-excludable days had passed between indictment and trial. Appellate's Br. 24, No. 14-2216 (7th Cir.), ECF No. 15. In response, the government did not challenge the merits of Khatib's speedy trial claim, but argued instead that Khatib had waived the issue by not filing a Speedy Trial Act motion through counsel. It was undisputed that Khatib had filed at least one pro se motion to dismiss on speedy trial grounds and several other documents raising speedy trial issues. By the government's count, Khatib had filed the speedy trial motion amidst 38 separate pro se filings prior to the December 20, 2013 hearing. The government argued that without a proper motion, this court never had occasion to adjudicate the speedy trial issues over

7

which Khatib was seeking appellate review. The government noted that had a proper speedy trial motion been made, this court would have then had occasion to explicitly put forth reasons that any given delay was excludable under the Act.

The Seventh Circuit affirmed the conviction and sentence on April 15, 2015, concluding that Khatib had waived the Speedy Trial Act claim by never raising the issue in a motion through counsel. The court of appeals noted that this court had informed Khatib of the consequences of proceeding with counsel—i.e. that all of his pro se motions would be rendered frivolous and denied—and Khatib chose to proceed with counsel anyway. Finding the issue waived, the court of appeals did not comment on the merits of the Speedy Trial Act claim: "In short, there are no factual findings for us to review as Khatib waived this issue." *United States v. Khatib*, No. 14-2216, slip op. at *4 (7th Cir. Apr. 15, 2015). Khatib timely filed this motion under 28 U.S.C. § 2255 on June 11, 2015.

## ANALYSIS

The sole claim in Khatib's § 2255 motion is ineffective assistance of counsel. Such a claim requires showing that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, although he does not specify which attorney he is referring to (it seems likely Obear but it could have been either or both of Carroll and Obear), Khatib asserts that he urged counsel to file a motion to dismiss under the Speedy Trial Act, but that counsel refused. Khatib further argues that had counsel investigated Khatib's speedy trial claim, counsel would have discovered the obvious statutory violation that Khatib's appellate attorney found. Khatib further argues that trial counsel's failure to raise the speedy trial issue affected his appeal, given the Seventh Circuit's conclusion that Khatib's failure to raise the

8

issue in a motion through counsel constituted a waiver.

As explained below, I conclude that Khatib's ineffective-assistance claim must be rejected because (1) no Speedy Trial Act violation occurred and (2) Khatib's attorneys were not ineffective for failing to file a motion to dismiss under the Act in any event.

**A.     Speedy Trial Act**

It goes without saying that Khatib's ineffective-assistance claim fails if no statutory speedy trial violation occurred. The government again does not argue that no underlying violation occurred, and instead argues that "it simply makes no sense" to allow a defendant to waive a speedy trial claim and then raise the issue in a § 2255 motion, where there will be no record from which the court may determine whether the Act was actually violated, or whether any violation would have led to dismissal of the indictment with or without prejudice. United States' Resp. Br. 4, ECF No. 6. But the one thing that generally allows a § 2255 movant to resurrect a waived issue would be a claim of ineffective assistance of counsel. Indeed, this court specifically advised Khatib that this was the manner in which he would have to raise such issues, through an ineffective-assistance claim, when the court denied his requested extension of the trial at the end of 2012.

In fact, the record in this case is sufficiently complete to determine whether a violation of the Speedy Trial Act occurred. Contrary to the government's apparent belief that such a determination must be made pre-trial or never, this court is not aware of any reason it cannot revisit the record in Khatib's criminal case and decide whether the Act was violated in the first instance. *See White v. United States*, 273 Fed. App'x 559 (7th Cir. 2008) (non-precedential order) (rejecting ineffective assistance claim in § 2255 case based on finding that no Speedy Trial Act violation occurred, despite fact that defendant did not move to dismiss pre-trial on that basis and district court had made no

9

Case 1:15-cv-00708-WCG   Filed 11/23/15   Page 9 of 18   Document 10

findings, pre-trial or in the § 2255 case, as to whether statutory violation occurred).

Although the Speedy Trial Act mandates the defendant is brought to trial within 70 days of the latter of his first appearance in court or indictment, there are generally two kinds of "periods of delay" that are excluded from the 70-day clock: exclusions for delays for the reasons specified in § 3161(h)(1)–(6) and exclusions for "ends-of-justice" continuances granted under § 3161(h)(7). Periods of delay for the reasons specified in (h)(1)–(6) are excluded from the 70-day clock automatically, i.e., without the need for any on-the-record findings by the court, while "ends-of-justice" continuances require the court to "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(7)(A); *United States v. O'Connor*, 656 F.3d 630, 642 (7th Cir. 2011) ("In contrast to ends-of-justice continuances, however, periods of delay excludable under § 3161(h)(1)–(6) may be *automatically* excluded if the specified conditions are present; no ends-of-justice balancing by the court is necessary because the balance has already been struck by Congress." (emphasis in original)).

Several of the "automatic" exclusions are operative in this case. The relevant parts of the Speedy Trial Act provides:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
> > (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to–
> >
> > > (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

10

> . . .
>
> > (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
>
> > . . .
>
> > (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.
>
> > . . . .
>
> > (4) Any period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial.

18 U.S.C. § 3161(h)(1), (4). The Supreme Court has interpreted the substantially similar predecessors of (h)(1)(D) and (H) as excluding time from the filing of the motion until it is disposed of, subject to the limitation that not more than 30 days may be excluded once a matter is taken "under advisement" by the court, meaning all briefs and hearings on the matter have been completed. *Henderson v. United States*, 476 U.S. 321, 326 (1986); *see also United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991) (discussing *Henderson*). The filing of a pretrial motion triggers excludable time under (h)(1)(D) even if the motion does not actually cause delay of the trial, *United States v. Tinklenberg*, 563 U.S. 647, 131 S. Ct. 2007, 2012–16 (2011), even if the motion is not substantive, *e.g.*, *United States v. Johnson*, 32 F.3d 304, 306 (7th Cir. 1994) (excluding time to decide motion for review of pretrial detention order); *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (excluding time from filing of motion for extension of time), and even if the motion is filed by the government, *United States v. Johnson*, 32 F.3d 304, 306 (7th Cir. 1994) (excluding time

11

expended on government's motion in limine). With respect to (h)(1)(A) and (h)(4), time is excluded under the Speedy Trial Act regardless of whether competency examinations apparently exceed the time limits built into 18 U.S.C. §§ 4241(d) and 4247(b). *United States v. Fuller*, 86 F.3d 105, 106–07 (7th Cir. 1996); *United States v. Scott*, 784 F.2d 787, 789–90 (7th Cir. 1986).[2]

Accordingly, at least the following periods of time are automatically excluded in Khatib's case:

9/12/2012 (motion for bond) to 9/12/2012 (denial)

9/24/2012 (motion for review) to 10/3/2012 (order affirming denial of motion for bond)

9/28/2012 (motion for extension of time) to 10/1/2012 (grant)

10/8/2012 (motion to adjourn) to 10/12/2012 (grant)

11/13/2012 (motion to dismiss) to 12/6/2012 (magistrate R&R denying motion to dismiss)

12/20/2012 (objections to R&R) 12/26/2012 (order denying motion to dismiss)

1/3/2013 (motion to withdraw) 1/3/2013 (grant)

3/22/2013 (motion for competency determination) to 5/8/2013 (determination of incompetency

5/8/2013 to 12/20/2013 (determination of competency)

This does not include time for the motion in limine filed by Khatib's first attorney because it was never ruled on, and it does not include, although it appears it could, time during which Khatib's many pro se motions were pending. *See White v. Untied States*, 273 Fed. App'x 559, 564 (7th Cir. 2008)

---

[2] In addition to the court's exclusion of delay resulting from the January 2013 substitution of counsel, explained below, Khatib's appellate attorney's failure to recognize the automatic excludability of 3/22/2013–12/20/2013 under § 3161(h)(1)(A) and (h)(4) appears to account for most of the days in her miscalculation of the total non-excludable days.

12

(collecting authority).

> In addition, the following "ends-of-justice" continuances were granted:
>
> 10/1/2012 to 10/9/2012 (excluded in text-only order dated 10/1/2012)
>
> 10/12/2012 to 11/13/2012 (excluded orally as reflected in minute-entry dated 10/12/2012)
>
> 1/3/2013 to 4/16/2013 (excluded in court's 2/4/2013 Order to Show Cause)
>
> 12/20/2013 to 1/27/2014 (excluded at end of competency hearing held 12/20/2013)

As noted above, the 10/1/2012–10/9/2012 extension and the 10/12/2012–11/13/2012 continuance of the pre-trial motion deadline were based on Attorney Carroll's stated need for time to review discovery and research and prepare the motion to dismiss raising a "weighty" constitutional challenge to the indictment. *See* Motion for Extension and Motion to Adjourn, No. 12-CR-190, ECF Nos. 16 & 18; 10/12/2012 Tr. at 5:2–17. Therefore, as reflected in the 10/1/2012 text-only order and the court's oral statement in the 10/12/2012 telephone conference, these period were properly excluded because the "ends of justice" served by granting the continuance outweigh best interest of the public and the defendant in a speedy trial, where the extra time was reasonable and necessary for counsel to prepare an effective defense. § 3161(h)(7)(B)(iv).

The 1/3/2013–4/16/2013 exclusion is the only exclusion for which the record is not entirely clear. As noted above, the court's February 4 Order to Show Cause stated that time was excluded for delay caused by the need to substitute counsel, but the order did not explicitly state what dates were being excluded. However, the reasons stated in the order—delay caused by the need to substitute counsel, difficulty in locating alternative counsel, issues transferring the file from Attorney Carroll to Obear—as well as other circumstances at the time—i.e., Khatib fired his retained counsel

13

weeks before trial, new counsel starting from scratch would need time to prepare for trial, and counsel and the court would need to fit the re-scheduled trial on the calendar—it is clear that the intent of this order was to exclude the period from the motion to withdraw 1/3/2013 to the re-scheduled trial 4/16/2013.

Finally, the last continuance was discussed on the record at the end of the 12/20/2013 competency hearing, as noted in the minute entry of the same date. The time was excluded for continuity of counsel, as allowed under § 3161(h)(7)(B)(iv). Although part of that delay was attributable to the calendar of Attorney Obear, as the court noted at the hearing, substituting counsel again would only cause further delay. This delay was thus also not unreasonable given the history of the case.

Accordingly, based on a careful review of the record in this case, I conclude that 31 non-excludable days passed between Khatib's indictment and trial. This calculation accounts for all of the exclusions noted above, without double-counting any day that was exludable for more than one reason. Also, even assuming the exclusion in the February 4 Order to Show Cause was only effective from the date it was entered until the re-scheduled trial, the total non-excludable days would only be 62. Because both totals are less than 70, no violation of the Speedy Trial Act occurred, and Khatib's attorneys were not ineffective for failing to move to dismiss on that basis. Further, no evidentiary hearing is required because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

**B. Ineffective Assistance**

To the extent that the court erred in any of the foregoing calculations, the result of Khatib's § 2255 motion would not be different, because I would still conclude that neither Attorney Carroll

14

nor Attorney Obear rendered ineffective assistance by not moving to dismiss under the Speedy Trial Act. As noted, such a claim requires showing that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687. Showing deficient performance requires showing "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Review of counsel's performance must be "highly deferential" and it must be based on the circumstances as they existed at the time of counsel's challenged conduct. *Id.* at 689. Showing prejudice requires showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Here, it was not objectively unreasonable for Khatib's attorneys not to file a motion to dismiss under the Speedy Trial Act. Before Khatib fired him, Attorney Carroll focused his attention on the constitutional challenge, and although the motion to dismiss was denied, I cannot say that his strategy was objectively unreasonable. It was likewise not unreasonable for Attorney Obear to await the results of the competency proceedings before filing any such motion. Finally, to the extent either attorney actually thought there were grounds to dismiss under the Speedy Trial Act, they might have reasonably decided to forgo such a motion based on the very strong likelihood that any dismissal would have been without prejudice. § 3162(a)(1) ("In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."). Each of the § 3162(a)(1) factors weighed in favor of dismissal without prejudice in Khatib's case. The likelihood of re-prosecution was equally high, and a new indictment would have only resulted

15

in a fresh 70-day Speedy Trial Act clock. *See United States v. Rushin*, 642 F.3d 1299, 1308 (10th Cir. 2011) ("What we can say based on the record circumstances of this particular case, however, is that a reasonable attorney in the sound exercise of his or her professional judgment arguably might have decided to forgo the filing of a motion to dismiss the indictment as largely ineffective, an imprudent use of limited resources, or even unwarranted gamesmanship."); *Troy v. United States*, 946 F. Supp. 2d 172, 181–82 (D. Mass. 2012) ("Based on all of these factors, even assuming a violation of the Speedy Trial Act, a timely motion for dismissal by petitioner's trial counsel would almost certainly have resulted in dismissal without prejudice and a renewed indictment. Consequently, a competent attorney could reasonably have decided that filing such a motion would not have been in petitioner's best interests."); *Bramlett v. United States*, 405 Fed. App'x. 363, 368 (11th Cir. 2010) (unpublished non-precedential opinion) ("[A] competent attorney representing Bramlett reasonably could have decided that filing a motion to dismiss on speedy trial grounds would have only delayed further resolution of the charges against Bramlett and was not in Bramlett's best interests.").

For all of these reasons, I conclude that no hearing is necessary, and I further conclude that Khatib is not entitled to relief under section 2255 on the sole claim in his motion.

**IT IS ORDERED** that petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings For the United States District Courts, the court **DENIES** a certificate of appealability. A certificate of appealability may issue only if the applicant makes a substantial

16

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Here, I conclude that Khatib has not made a substantial showing of the denial of his constitutional right to effective assistance of counsel.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A). It should also be noted that because this court denied a certification of appealability, Khatib must seek one from the court of appeals. Fed. R. App. P. 22(b).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

17

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated this  23rd  day of November, 2015.

s/ William C. Griesbach
William C. Griesbach
United States District Judge